## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Pearl Adams, individually and on behalf, | ) | |
| Of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Credico, Inc. d/b/a Credit Collections, | ) | Case No. 1:24-cv-247 |
| Bureau | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's motion to dismiss filed on January 31, 2025. See Doc. No. 7. The Plaintiff filed a response in opposition to the motion on February 28, 2025. See Doc. No. 13. The Defendant filed a reply on March 21, 2025. See Doc. No. 17. For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

Prior to April 2024, Pearl Adams allegedly incurred an obligation with Medical Urgent Care ("MUC") arising out of a medical transaction. MUC contracted with Credico, Inc. ("Credico") for the purpose of collecting the debt. On April 1, 2024, Credico sent Adams a collection letter regarding the MUC debt. The letter stated as of March 7, 2024, Adams owed $284.61, and she was charged $0.28 in interest between March 7, 2024, and April 1, 2024. See Doc. No. 1-1. The letter stated, "Total amount of the debt now: $284.89." The letter did not state whether interest would continue to accrue or whether future interest charges would be waived.

On December 9, 2024, Adams initiated this action on behalf of herself and a class of similarly situated persons. See Doc. No. 1. Adams brings claims under the Fair Debt Collections

Practices Act ("FDCPA"). On January 31, 2025, Credico filed a Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The motion has been fully briefed and is ripe for disposition.

## II.    <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case." <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009). Jurisdictional issues are a matter for the court to resolve prior to trial. <u>Osborn v. United States</u>, 918 F.2d 724, 729 (8th Cir. 1990). The Plaintiff bears the burden to prove subject matter jurisdiction exists. <u>Herden v. United States</u>, 726 F.3d 1042, 1046 (8th Cir. 2013).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." <u>Osborn</u>, 918 F.2d at 729 n.6. In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." <u>Id.</u> (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." <u>Id.</u> (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." <u>Titus v. Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993).

In this case, the Court will treat the motion as a facial attack and afford the Plaintiff, the non-moving party, all the protections afforded by Rule 12(b)(6). The Court will consider only the

complaint and the exhibits attached to the complaint. See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (discussing a facial attack).

### III.    LEGAL ANALYSIS

Credico contends the Court lacks jurisdiction because Adams' allegations in her complaint lack factual support to plausibly constitute a concrete injury necessary to establish Article III standing. In the alternative, Credico argues Adams failed to state a claim upon which relief can be granted. Adams maintains she alleged a concrete and particularized injury sufficient to establish Article III standing. She further argues her compliant adequately states a claim for relief.

Standing is a threshold issue determined as of the commencement of the lawsuit, and without it, a plaintiff cannot invoke the jurisdiction of the court. See Disability Support All. v. Heartwood Enterprises, LLC, 885 F.3d 543, 545 (8th Cir. 2018); Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1126 (8th Cir. 1998). It has long been established that the Court's constitutional authority permits it only to hear actual cases or controversies. Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."). The doctrine of standing to sue is "rooted in the traditional understanding of a case or controversy." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

"[T]he irreducible constitutional minimum of standing consists of three elements." Id. The plaintiff must establish that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). As the party invoking judication, the plaintiff bears the burden of establishing these elements. At the pleading

stage, the complaint must contain clear allegations of facts that demonstrate each element. Warth

v. Seldin, 422 U.S. 490, 518 (1975); Spokeo, 578 U.S. at 338.

To establish an injury-in-fact, a plaintiff must show that she suffered an invasion of a

legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not

conjectural or hypothetical. Oti Kaga, Inc. v. S. Dakota Hous. Dev. Auth., 342 F.3d 871, 878 (8th

Cir. 2003) (quotations omitted). In making this determination, "courts should assess whether the

alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as

providing a basis for a lawsuit in American courts." TransUnion LLC v. Ramirez, 594 U.S. 413,

425 (2021) (internal quotation marks omitted). Adams alleges two categories of injuries as a result

of Credico's alleged FDCPA violation: 1) confusion regarding the collection letter; and 2) time

and money spent mitigating the risk of future financial harm.


### A.    CONFUSION

Adams alleges she was confused by a collection letter she received from Credico because

she was unsure whether interest would continue to accrue or whether future interest charges would

be waived. The Plaintiff alleges that Credico's letter misled her and affected her ability to respond

to the demand for payment of the debt. She contends the confusion regarding interest caused her

to reallocate funds that she could have used to pay all or some of the debt.

A bare procedural violation of a statute, without any concrete harm, is insufficient to

establish standing. Spokeo, 578 U.S. at 341. See also Braitberg v. Charter Commc'ns, Inc., 836

F.3d 925 (8th Cir. 2016). Emotional injuries, including confusion, are insufficient to confer

standing without a showing of concrete harm. Hekel v. Hunter Warfield, Inc., 118 F.4th 938 (8th

Cir. 2024). "The state of confusion is not itself an injury. Nor does stress by itself with no physical

manifestations and no qualified medical diagnosis amount to a concrete harm." <u>Ojogwu v.</u> <u>Rodenburg L. Firm</u>, 26 F.4th 457, 463 (8th Cir. 2022). In the Eighth Circuit Court of Appeal's recent decision in *Hekel*, the court held that even if the plaintiff's emotional injuries met the injury-in-fact requirement of Article III standing, her conclusory allegations did not. "They are naked assertions of emotional harm, devoid of further factual enhancement. Without supporting facts, they are just labels that fall short of plausibly establishing injury." <u>Hekel</u>, 118 F.4th at 944 (internal quotation marks and citations omitted). <u>See</u> <u>also</u> <u>Miller v. Redwood Toxicology Lab'y, Inc.</u>, 688 F.3d 928 (8th Cir. 2012) (finding it "necessary to include some well-pleaded factual allegations" to demonstrate an injury in fact).

In *Friedman v. Cavalry Portfolio Servs., LLC*, 675 F. Supp. 3d 300 (E.D.N.Y. 2023), the plaintiffs alleged nearly identical injuries as Adams alleges in this case. The plaintiffs alleged collection letters from the defendants violated the FDCPA. The plaintiffs alleged, in relevant part: 1) Because of the defendants' actions, the funds the plaintiffs could have used to pay all or part of the alleged debt were spent elsewhere; 2) the plaintiffs expended time and money in determining the proper course of action; and 3) the plaintiffs "expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds." <u>Id.</u> at 302. The Court held:

> Multiple courts have found alleged confusion to be insufficient for standing in the FDCPA context. These types of alleged injuries – spending some unspecified amount of time and money because of mere concern and confusion, without more, are not sufficiently concrete unless they are inextricably bound up in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm and then spends time, money, and effort mitigating that risk. The bare allegation that Defendant's actions created an appreciable risk to plaintiff of being unable to properly respond or handle Defendants' debt collection does not cure this deficiency.

<u>Id.</u> at 304 (internal citations and quotation marks removed). The complaint was "devoid of the type of specific factual allegations that would allow the Court to assume that [the plaintiffs] did indeed

plausibly rely on defendants' representation to their own detriment." Id. "Conclusory allegations that the funds they *could* have used to pay all or part of the alleged debt were spent elsewhere and that they would have pursued a different course of action are thus insufficient." Id. (internal quotation marks omitted.)

In *May v. Consumer Adjustment Co., Inc.*, the plaintiff alleged the defendants violated the FDCPA by sending a collection letter that stated the full amount of the debt without informing her that the amount owed included interest, and that the interest would continue to accrue until the debt was paid. 2017 WL 227964 (E.D. Mo. Jan. 19, 2017). The plaintiff alleged no actual harm from the defendants' lack of disclosure. Relying on *Spokeo* and *Braitberg*, the court concluded the plaintiff's allegations of a statutory violation without an additional injury did not establish an injury-in-fact sufficient to confer standing.

Here, the conclusory allegations in the complaint do not plausibly allege that Adams suffered a concrete injury. Adams' state of confusion is not itself an injury. See Ojogwu 26 F.4th at 463. The complaint does not sufficiently allege how Adams' purported confusion regarding whether interest would continue to accrue resulted in a concrete harm. Her bare allegation of emotional harm lacks the factual enhancement necessary to demonstrate a concrete injury resulting from Credico's alleged FDCPA violation.

Adams' allegation that she "*could* have used to pay all or part of the alleged debt were spent elsewhere" is just as conclusory. See Doc. No. 1, p. 9 (emphasis added). Adams' allegation that she would have taken a different course of action but for the Defendant's lack of disclosure is not an injury by itself. For example, Adams does not allege that interest continued to accrue and would have stopped accruing if she had paid the debt. She does not allege any specific monetary harm. Adams does not explain how her reliance on the letter was detrimental to her. In other words,

Adams fails to identify an injury she suffered that is fairly traceable to the Defendant. Adams has not established any concrete harm as a consequence of any conduct by Credico. Accordingly, the Plaintiff has not alleged an injury-in-fact sufficient to establish Article III standing.

### B.    RISK OF FUTURE HARM

A future injury can be sufficient to establish Article III standing. In re SuperValu, Inc., 870 F.3d 763, 768-69 (8th Cir. 2017). In such cases, "the plaintiff must demonstrate that the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." Id. (internal quotation marks omitted). The Eighth Circuit Court of Appeals requires a plaintiff to identify a material risk of harm that is neither speculative nor hypothetical in cases alleging violations of procedural rights. See Braitberg, 836 F.3d at 930. Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013).

Adams' allegations of a risk of future harm fall short of Article III standing. Adams alleges she "expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds." See Doc. No. 1, p. 9. She contends that "Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as it deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts." Id. at p. 7. These bare assertions of a risk of harm lack factual support and fail to establish a concrete and particularized harm. Adams does not allege how Credico's alleged FDCPA violation creates a risk of future financial harm. The complaint does not plausibly demonstrate that the risk that Adams will suffer future financial harm is certainly impending or substantial.

Likewise, the unspecified amount of time and money Adams expended do not amount to a concrete injury. The complaint does not allege any specific expenses that Credico's alleged FDCPA violation caused her to incur. Although the Plaintiff's brief in opposition to the motion to dismiss contends that she expended time and money seeking legal advice, the complaint contains no such allegation. The complaint lacks factual allegations supporting the assertion of time and money spent attempting to mitigate the risk of the perceived future harm. Accordingly, Adams' allegations of time and money are not sufficiently concrete to establish an injury-in-fact. Further, because Adams has not alleged a certainly impeding or substantial risk of future harm, any time and money she spent mitigating the hypothetical risk does not create an injury. Harm that Adams inflicted on herself based on fear of the risk of future harm is not fairly traceable to Credico. See Clapper, 568 U.S. at 416. The Court concludes Adams fails to establish an injury-in-fact sufficient to confer standing. The Court grants the Defendant's motion to dismiss for lack of subject matter jurisdiction.

## IV.    <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendant's motion to dismiss (Doc. No. 7) is **GRANTED**. Accordingly, the complaint against Credico is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated this 4th day of June, 2025.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court